LUCILLE F. DI PERNA, an Infant, by VINCENT J. DI PERNA, Her Guardian ad Litem, et al., Appellants, *v.* ROMAN CATHOLIC DIOCESE OF ALBANY et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. FAY A. EVANS, JR. et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants.

Third Department, June 27, 1968.

*Medwin, Couch & McMahon* (*Edward McMahon* and *Nathan M. Medwin* of counsel), for defendants and third-party plaintiffs-appellants.

*Friedman, Battisti & Friedman* (*Henry H. Koblintz* of counsel), for appellants.

*Francis E. Lehner* (*Edward J. Grogan* of counsel), for Wayne Iron Works, third-party defendant-respondent.

*DeGraff, Foy, Conway & Holt-Harris* for Allaire Matthewson, third-party defendant-respondent.

*Donohue, Bohl, Clayton & Komar* (*Myron Komar* of counsel), for Fay A. Evans and another, third-party defendants-respondents.

*Thomas Turley* for St. Patrick's Church, defendant.

GABRIELLI, J. These are appeals by plaintiffs and defendants-third-party plaintiffs from (1) an order and judgment of the Supreme Court at Special Term, entered March 8, 1966 in Albany County, which granted motions by those defendants who are also third-party defendants to dismiss the amended complaint and the amended third-party complaint, and (2) from an order entered January 31, 1967 which denied a motion for reargument.

During a basketball game being held at St. Patrick's Academy, the infant plaintiff was injured when she was pushed against the end of a metal railing which protruded from the end of the folding bleachers in the gymnasium. Suit was instituted against three defendants, viz., the Roman Catholic Diocese of Albany, St. Patrick's Academy and Saint Patrick's Church. The first two named defendants in turn impleaded (1) the architects who designed the gymnasium, (2) the general contractor retained to install the equipment, (3) the manufacturer of the bleachers and (4) the subcontractor who actually installed the bleachers and railing. Following the impleader of these third-party defendants, plaintiffs amended their complaint to assert a cause of action against these impleaded defendants.

The motions for dismissal with which we are here concerned are those made by the architects and the manufacturers of the bleachers and railing.

The claims of negligence against the third-party defendants set forth in the amended complaint charge them with negligence

by "permitted the creation, maintenance, use and continuance of a dangerous condition, facility, and/or instrumentality, by permittting and providing the installation of folding bleachers with extending metal railings protuding at the end thereof" and further that they "wrongfully and carelessly designed, specified, manufactured and/or installed the equipment".

The third-party complaint charges negligence in the design and furnishing of the bleachers "in the manner in which they designed, specified, manufactured and installed said bleachers for use in said gymnasium".

Conspicuously absent in both the amended complaint and the third-party complaint is an allegation that the complained of danger or defect is either hidden or concealed. Such an allegation is necessary to impose liability against these respondents when we consider a claim made by a "remote user", as the infant plaintiff is in this case. (*Inman* v. *Binghamton Housing Auth.*, 3 N Y 2d 137; *Sarnoff* v. *Charles Schad, Inc.*, 22 N Y 2d 180.) Upon the facts displayed by the questioned pleadings, no liability can attach to the architects and manufacturer in this case without such allegation and proof. In fact the photographic exhibits submitted (Nos. 7 and 8) clearly show the complete absence of any concealment or defect that could be termed latent.

Our attention has been called to the determination made in *Coffey* v. *Dormitory Auth. of State of N. Y.* (26 A D 2d 1), where the third-party pleadings were sustained. In *Coffey*, however, there was involved a latent defect which was claimed and alleged as such in the pleadings.

Neither is there any allegation by the third-party plaintiffs that these respondents breached any duty. The appellants cannot, therefore, prevail on their claim (*Inman* v. *Binghamton Housing Auth.* (3 N Y 2d 137, 146, *supra*).

The order and judgment, entered March 8, 1966, should be affirmed, without costs. The appeal from the order entered January 31, 1967, denying the motion for reargument, should be dismissed, without costs.

GIBSON, P. J., HERLIHY, AULISI and STALEY, JR., JJ., concur.

Order and judgment, entered March 8, 1966, affirmed, without costs. Appeal from order entered January 31, 1967, denying motion for reargument, dismissed, without costs.